UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Arturo Fisher,                                                   Case No. 1:11-cv-01262

           Plaintiff

     v.                                                      MEMORANDUM OPINION
                                                       AND ORDER

Warden Terry A. Tibbals,

           Defendant

## INTRODUCTION

Before me are the objections of Petitioner Arturo Fisher to the Report and Recommendation of Magistrate Judge Kenneth S. McHargh regarding the motion of Respondent Terry A. Tibbals, Warden of the Mansfield Correctional Institution, to deny Fisher's petition for a writ of habeas corpus. (Doc. No. 15). For the reasons stated below, I adopt in part and reject in part the Magistrate Judge's recommendations as set forth in the Report and Recommendation. Fisher's petition is dismissed.

## BACKGROUND

Magistrate Judge McHargh has accurately and comprehensively set forth the procedural background of this case, and I adopt those sections of the Report and Recommendation in full. (*See* Doc. No. 14 at 2-7). Further, "[i]n a habeas case, a federal reviewing court gives 'complete deference to state court findings of historical fact unless they are clearly erroneous.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). I also adopt that section of the Report and Recommendation in full. (*See* Doc. No. 14 at 2-4.).

Briefly, Fisher was indicted on charges of kidnapping and rape, each with a sexually violent predator specification, and of kidnapping with a sexual motivation specification. After a jury trial, Fisher was convicted of rape but found not guilty on both kidnapping counts. Fisher waived his right to a jury trial concerning the sexually violent predator specification; following a hearing before the trial judge, Fisher was found guilty of the sexually violent predator specification related to the rape charge. Fisher received an indefinite sentence of ten years to life in prison and five years of post-release control.

Fisher appealed his conviction to the Eighth District Court of Appeals, which affirmed his conviction and sentence and denied his application for reconsideration. Fisher filed a timely appeal to the Supreme Court of Ohio, which denied his motion for leave to appeal. Fisher also filed a petition for post-conviction relief with the trial court. The trial court denied his petition, and the Court of Appeals affirmed. Fisher also filed a motion for resentencing, which the trial court denied and the Court of Appeals affirmed.

Fisher filed a timely petition for habeas relief and stated 11 grounds for relief. Magistrate Judge McHargh concluded Fisher's petition should not be granted on any of the claims he presents. (Doc. No. 14 at 22-23). Fisher objects to the Magistrate Judge's conclusions as to five of his grounds for relief as stated in his petition: (3) Fisher was denied effective assistance of counsel; (4) Fisher was denied due process of law when he was found to be a sexually violent predator without any sworn testimony; (5) Fisher was denied due process of law when the judge, and not a jury, determined he was a sexually violent predator, (9) Fisher was denied due process of law when he was found to be a sexually violent predator, and (10) Fisher was denied due process of law when the judge concluded he was a sexually violent predator without noting the proper quantum of proof. (Doc. No. 15 at 4-16). The Warden did not file a response to Fisher's objections.

Fisher did not file objections to the Magistrate Judge's conclusions as to his first, second, sixth, seventh, eighth, and eleventh grounds for relief, and I adopt those portions of the Report and Recommendation in full.

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision also is contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent. *Id.* at 406. Moreover, "when a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable-application' clause." *Id.* at 409. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*

## ANALYSIS

**INEFFECTIVE ASSISTANCE OF COUNSEL (GROUND 3)**

3

Fisher asserts he was denied the effective assistance of counsel during his trial. (Doc. No. 1 at 8). The Magistrate Judge concluded Fisher is not entitled to habeas relief on this claim because his allegations are conclusory and he failed to offer any facts in support. (Doc. No. 14 at 21). Fisher asserts he "has pointed to at least seven specific errors and omissions made by his trial counsel . . . and [he] suffered prejudice as a result of [trial counsel's] performance." (Doc. No. 15 at 5). Fisher asserts trial counsel (1) "allowed all sorts of hearsay and improper evidence to be introduced"; (2) failed to object to hearsay testimony offered by a Euclid Police detective; (3) failed to file a motion demanding a speedy trial; (4) failed to investigate and subpoena witnesses; (5) failed to obtain medical records or insist they be admitted into evidence at trial; (6) failed to object to improper statements by the prosecution during closing arguments; and (7) failed to insist the sexually violent predator specification be submitted to a jury or that it be dismissed once the jury was discharged. (Id. at 5-7).

A defendant who seeks reversal of his conviction on a claim of ineffective assistance of counsel must show (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential . . . [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689.

Fisher has reframed several of his initial grounds for relief as evidence of errors and omissions by his trial counsel. Specifically, Fisher now asserts that the court's admission of much of the testimony of Detective Russ Kucinski of the Euclid Police Department and statements by the prosecution during closing arguments, as well as the occurrence of the sexually violent predator hearing before the judge rather than a jury was the result of his attorney's conduct. (*See* Doc. No. 14 at 1-2).

4

The Magistrate Judge concludes, and Fisher concedes, his evidentiary claims regarding Detective Kucinski's testimony are not cognizable on habeas review. (Doc. No. 14 at 17). His attempt to redirect those claims as evidence of the deficiency of trial counsel is unavailing. Fisher challenged Detective Kucinski's testimony on direct appeal as well; the Court of Appeals noted the trial court sustained Fisher's objections when the detective's "testimony pertained to medical issues, beyond the scope of his capacity as an investigator . . . ." (Doc. No. 7-1 at 106). The Court of Appeals concluded "Kucinski's [admitted] testimony is not only relevant but does not subject Fisher to any unfair prejudice." (Id.) Fisher offers no evidence or case law to demonstrate the state court ruling on this issue was contrary to, or an unreasonable application of, clearly established federal law. *See Williams*, 529 U.S. at 412.

Fisher also fails to make this required showing with respect to the Magistrate Judge's conclusion that the state court's ruling regarding alleged prosecutorial misconduct during closing arguments was not contrary to, or an unreasonable application of, clearly established federal law. Fisher does not address the Court of Appeal's conclusion that he "failed to demonstrate how the contested remarks substantially prejudiced him." (Doc. No. 14 at 12). The portion of the prosecutor's closing argument Fisher included in his direct appeal contains an objection from defense counsel, which was overruled by the trial court. (Doc. No. 7-1 at 32). The Supreme Court has held "[j]udicial review of a defense attorney's [assistance during closing arguments] is . . . highly deferential – and doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). Fisher fails to establish that repeated objections from defense counsel, even if repeatedly overruled, would have helped rather than hurt his case.

Fisher claims his trial counsel erred by not insisting that a jury rather than the trial judge reached a verdict as to the sexually violent predator specification. The sexually violent predator specification proceeding takes place only after a finding of guilt on the underlying offense, and the statute does not mandate a jury waiver as to this specification be filed before trial on the charged

5

offense. *See* O.R.C. 2971.02. Section 2945.05 does not state otherwise, as it mandates only that the <u>withdrawal</u> of a jury waiver must occur before trial commences. O.R.C. 2945.05; s*ee also State v. Nagel*, 703 N.E.2d 773, 778 (Ohio 1999) (holding O.R.C. 2945.05 does not apply to requests by a defendant to try prior-conviction specifications to the trial judge instead of the jury); *State v. Oldham*, 1999 WL 304314 (Ohio Ct. App., May 13, 1999) (applying the holding in *Nagel* to O.R.C. 2971.02); *City of Columbus v. Voyles,* 291 N.E.2d 536, 538 (Ohio Ct. App. 1972) ("[t]he basic principle is that a jury can be waived any time before it becomes known that [the jury] is deadlocked"). Further, prior to the December 11, 2007 hearing on the sexually violent predator specification, Fisher acknowledged on the record he was aware he has "a constitutional right to a trial by jury, with respect to the specification" and affirmed his earlier written waiver of his right to a jury trial on that issue. (Doc. No. 8-2 at 132). Thus, Fisher fails to demonstrate "counsel's representation fell below an objective standard of reasonableness," much less that he suffered prejudice as a result. *Strickland*, 466 U.S. at 688.

Additionally, with regard to Fisher's assertions that counsel "permitted the introduction of hearsay statements and improper evidence[,] . . . failed to file a motion regarding [his] speedy trial rights[,] . . . failed to investigate and subpoena witnesses[, and] . . . failed to obtain medical records pertaining to K.D.'s vaginal tear and the herpes diagnosis," the Court of Appeals determined Fisher failed "to demonstrate how his counsel's performance deprived him of a fair trial." (Doc. No. 7-1 at 116-17). Fisher does not argue the Court of Appeals erred in reaching these conclusions. Further, in ruling on Fisher's petition for post-conviction relief, the trial court rejected Fisher's speedy trial and failure to investigate claims; Fisher did not appeal those conclusions to the Court of Appeals and does not identify any errors in the trial court's judgment. (*See* Doc. No. 7-1 at 216-23; 293-94). Fisher fails to demonstrate the state court's conclusion was contrary to, or an unreasonable application of, clearly established federal law.

Fisher's objection to the Magistrate Judge's conclusions with regard to his claim of ineffective assistance of counsel is without merit and I adopt the portions of the Report and Recommendation dealing with this ground in full.

**SEXUALLY VIOLENT PREDATOR SPECIFICATION (GROUNDS 4, 5, 9, AND 10)**

The Magistrate Judge adopted the Warden's argument that "the proceedings concerning Fisher's status as a sexual predator concern a 'collateral consequence' of his conviction, and the challenges raised in his fourth, fifth, ninth, and tenth grounds do not satisfy the 'in custody' requirement of habeas relief" and concluded Fisher is not entitled to relief on these grounds. (Doc. No. 14 at 19 (*citing Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002))). As the Magistrate Judge notes, in *Leslie*, the Sixth Circuit concluded "that an adjudication as a sexual predator is a collateral consequence of the conviction but is not part of the sentence." (Doc. No. 14 at 19 (*citing Goodballet v. Mack*, 266 F. Supp. 2d 702, 708 (N.D. Ohio 2003))). In *Leslie*, however, the Sixth Circuit addressed O.R.C. 2950 *et seq.*, which primarily addresses registration requirements for sex offenders with the intent of gathering, exchanging, and distributing information about sex offenders "as a means of assuring public protection . . . ." *See* O.R.C. 2950.02(B). Conversely, Fisher challenges the application of O.R.C. 2971 *et seq.*, a statute which has a direct and mandatory impact on the sentence Fisher received. *See, e.g., Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009) (noting O.R.C. 2971.03(A) "ultimately determined [the defendant's] maximum sentence"). Thus, Fisher is "in custody" for purposes of 28 U.S.C. § 2254 as to these claims. I reject the reasoning set forth in this section of the Report and Recommendation.

Fisher asserts he "was denied due process of law when he was [found] to be a sexually violent predator without any sworn testimony." (Doc. No. 15 at 11). As the Court of Appeals noted, "Fisher's argument fails because the prosecution incorporated, without objection, the trial transcript . . . [and] the trial [judge] also indicated [she] sat through trial, heard all of the testimony, and reviewed the exhibits." (Doc. No. 7-1 at 118). The prosecution may prove its case through

7

submission of evidence other than live witness testimony during the proceeding. Fisher is not entitled to relief on this ground.

Fisher also claims he was denied due process when the trial judge, rather than a jury, determined the applicability of the sexually violent predator specification. (Doc. No. 15 at 13). As I noted above, O.R.C. 2971.02 permits a defendant to waive his right to a jury regarding this specification. Fisher executed a valid written waiver, and subsequently affirmed that waiver on the record prior to the commencement of the hearing. Fisher fails to identify any error of law and so he is not entitled to relief on this ground.

Further, Fisher contends he was denied due process "when he was convicted of being a sexually violent predator" and, relatedly, "when the court found [him] to be a sexually violent predator without noting the proper quantum of proof." (Doc. No. 15 at 15). Fisher offers no argument in support of his general contention that the trial court's determination he is a sexually violent predator violated his due process rights. Fisher was represented by counsel at a hearing before the trial judge during which evidence was presented, as mandated by statute. Fisher again fails to identify any error of law and so he is not entitled to relief on this ground.

The Court of Appeals noted the sexually violent predator specification is a criminal charge requiring proof beyond a reasonable doubt and rejected Fisher's claim that the trial judge "failed to apply the proper quantum of proof." (Doc. No. 7-1 at 120). Fisher does not offer any reason to support his contention that the trial judge's conclusion "the State has proven the sexually violent predator specification, by the requisite degree of proof" must mean something different than proof beyond a reasonable doubt. (*See* Doc. No. 8-2 at 150-51).

Fisher fails to demonstrate the state court's rulings as to these grounds for relief are contrary to, or an unreasonable application of, clearly established federal law. *See Williams*, 529 U.S. at 412-13. His objections are overruled.

8

## CONCLUSION

For the reasons stated above, I accept in part and reject in part Magistrate Judge McHargh's Report and Recommendation. Fisher's petition is dismissed.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge