UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Linda Waters et al.,                                        Case No. 3:12-cv-00732

            Plaintiffs

     v.                                                MEMORANDUM OPINION
                                                       AND ORDER

Perkins Local School District
Board of Education, et al.,

            Defendants


### I.     INTRODUCTION

Before me are the objections of Plaintiffs Linda and Patrick Waters to the Report and Recommendation of Magistrate Judge James R. Knepp, II, recommending I grant the motion of Defendants the Perkins Local School District Board of Education, *et al.*, for summary judgment. (Doc. No. 47). Defendants have filed a response to Plaintiffs' objections. I have conducted a de novo review of the portions of the Report and Recommendation to which Plaintiffs objected. *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). For the reasons stated below, I conclude Plaintiffs' objections are without merit, adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation, and grant Defendants' motion for summary judgment on all claims.

### II.     STANDARD

A district court shall grant a party's motion for summary judgment if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant may meet its burden by showing there is an absence of evidence to support an element of a claim on which the nonmovant has the ultimate

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant has satisfied its burden, the nonmovant then must set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). All evidence must be viewed in the light most favorable to the nonmovant, and all reasonable inferences drawn in the nonmovant's favor. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### III. BACKGROUND

Linda and Patrick Waters have two sons, NW1 and NW2, who attended Meadowlawn Elementary School and Briar Middle School within the Perkins Local School District. They allege the Perkins Local School District Board of Education, Perkins Superintendent James Gunner, Meadowlawn Principal Dean Janitzki, and Briar Principal Stephen Finn are liable for the violation of their constitutional rights resulting from race- or national-origin-based peer harassment. Plaintiffs assert the following claims: (1) violation of their equal protection and substantive and procedural due process rights under the Fourteenth Amendment; (2) failure to train or maintain lawful policies and procedures; (3) racial or national-origin harassment and creation of a hostile school environment in violation of Title VI of the Education Amendments of 1972, 42 U.S.C. § 2000(d); and (4) negligence in violation of Ohio law. (Doc. No. 1 at 14-17). Magistrate Judge Knepp recommended I grant Defendants' motion for summary judgment on all claims.

Magistrate Judge Knepp provides a detailed and extensive description of the factual background in this case. (Doc. No. 44 at 2-22). Plaintiffs contend Magistrate Judge Knepp failed to view the facts in the light most favorable to them as the nonmovant. This assertion relates more closely to the Magistrate Judge's recommended disposition of Plaintiffs' claim than to his statement

of the facts and I will address this argument, as appropriate, in the context of my substantive analysis below.

Plaintiffs also argue Magistrate Judge Knepp ignored evidence "that the bullying incidents occurred on a daily basis." (Doc. No. 47 at 6). This objection is without merit. Magistrate Judge Knepp properly declined to recite all of Plaintiffs' proffered evidence regarding verbal and physical harassment of NW1 and NW2 because it is undisputed that Plaintiffs did not report all of the incidents to teachers or school officials. To ultimately prevail on their claims, Plaintiffs must show Defendants knew or, in some cases, should have known about the harassment NW1 and NW2 suffered. Evidence concerning unreported incidents of harassment is not material and thus cannot preclude summary judgment in favor of Defendants. *See, e.g., Rogers*, 737 F.3d at 1030; *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). I overrule Plaintiffs' objection and adopt Magistrate Judge Knepp's statement of the facts.

## IV. ANALYSIS

Plaintiffs offer the following objections to Magistrate Judge Knepp's Report and Recommendation: (1) Magistrate Judge Knepp failed to view the evidence or draw inferences in a light most favorable to Plaintiffs; (2) they have produced sufficient evidence to identify a genuine dispute of material fact as to their claim that NW1 suffered discrimination on the basis of his race or national origin; (3) the Magistrate Judge erred in concluding Defendants are entitled to summary judgment on Plaintiffs' substantive and procedural due process claims; (4) Magistrate Judge Knepp improperly concluded Defendants are entitled to summary judgment on their equal protection claim because the question of whether Defendants were deliberately indifferent is one for a jury; (5) the individual defendants violated Plaintiffs' rights and are not entitled to qualified immunity; and (6) there is a genuine dispute of material fact as to whether Defendants' policy or custom regarding bullying is unconstitutional. As Plaintiffs' first objection relates primarily to Magistrate Judge

Knepp's resolution of their specific claims, I will review that objection in the context of the individual causes of action, rather than as a stand-alone argument.

Magistrate Judge Knepp also recommended that I grant portions of Defendants' motion for summary judgment because (1) Title VI does not permit a cause of action against defendants Gunner, Finn, and Janitzki in their individual capacities; (2) Plaintiffs did not present evidence to support a Title VI claim or an equal protection claim with respect to NW2; and (3) the Board of Education holds immunity from state law negligence liability. Plaintiffs did not specifically object to, or conceded the correctness of, Magistrate Judge Knepp's conclusions. I adopt those recommendations and grant Defendants' motion for summary judgment as to those claims.

### A. RACIAL OR NATIONAL ORIGIN DISCRIMINATION

Title VI of the Civil Rights Act prohibits intentional discrimination on the basis of "race, color, or national origin" by any federally assisted program or activity. 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Plaintiffs may show intent by proving the school district's deliberate indifference caused their injuries. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642-43 (1999). Title VI and Title IX utilize nearly identical language, and case law concerning one statute is applicable to claims involving the other statute as well. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 694-96 (1979); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S 274, 286 (1998) (Title IX modeled after Title VI and the statutes "operate in the same manner"). To prevail on a Title VI harassment claim, Plaintiffs must prove (1) the harassment is "so severe, pervasive, and objectively offensive that it effectively bars [their] access to an educational opportunity or benefit," (2) the school district had actual knowledge of the harassment, and (3) the school district was deliberately indifferent. *Davis*, 526 U.S. at 633; *Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999). The school district is deliberately indifferent only where its "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648.

Magistrate Judge Knepp concluded Plaintiffs failed to establish a genuine dispute of material fact as to their Title VI claims because there is no evidence NW2 was discriminated against on the basis of his race and NW1 was deprived of an educational opportunity or that Defendants were deliberately indifferent.  Plaintiffs do not object to Magistrate Judge Knepp's recommendation regarding NW2, and accordingly I conclude Defendants are entitled to summary judgment on that portion of Plaintiff's claim.  Plaintiffs argue Magistrate Judge Knepp failed to view the evidence in a light most favorable to them and to recognize they had offered sufficient evidence regarding NW1 to permit a reasonable jury to conclude Plaintiffs had proven each of the three elements under *Davis*. While Plaintiffs arguably can satisfy the first two elements, Defendants are entitled to summary judgment because Plaintiffs have not presented evidence to show Defendants were deliberately indifferent.

Plaintiffs present evidence that, between 2008 and 2011, NW1 repeatedly was verbally accosted, pushed, tripped, and slapped.  On one occasion, NW1 even was punched in the back while finishing lunch in the school cafeteria.  Further, at least two of the students who regularly harassed NW1 on some occasions also used racial slurs or derogatory references to his Cuban heritage.  At the summary judgment stage, it is appropriate to draw the reasonable inference that these statements reflect an underlying motivation for those students' other conduct toward NW1.  *Anderson*, 477 U.S. at 255 (court deciding summary judgment motions must draw all justifiable inferences in favor of nonmovant).  Plaintiffs' evidence is adequate to permit a reasonable jury to conclude the harassment was motivated by NW1's race or national origin and was sufficiently severe, pervasive, and objectively offensive.

Plaintiffs also present sufficient evidence to permit a jury to conclude the harassment deprived NW1 of equal access to his school's "resources and opportunities." *Davis*, 526 U.S. at 651. Harassment can deprive a victim of equal access, among other ways, through the physical exclusion of the victim from an educational program or activity, by "so undermin[ing] and detract[ing] from

5

the victim['s] educational experience" as to "effectively den[y] [the victim] equal access to an institution's resources and opportunities," or as the result of "a concrete, negative effect" on the victim's ability to participate in an educational program or activity. *Id.* at 650-51. NW1 testified he did not try out for the school basketball team because he thought one of the students harassing him planned to try out, he did not attend school dances in order to avoid the students who harassed him, and he switched instruments in his band class to distance himself from students who verbally and physically assaulted him. Further, Plaintiffs present evidence that NW1 began attending a private school in part because of the harassment he endured from his peers.[1] (Doc. No. 27 at 74-78).

Defendants argue NW1 was not deprived of educational benefits because he had good attendance and grades, and because students do not have a constitutional right to participate in extracurricular activities. (Doc. No. 48 at 9). Defendants' arguments are not persuasive. The Supreme Court contemplated that physical exclusion from "a particular school resource" could give rise to a damages claim, but expressly stated physical exclusion was not necessary. *Davis*, 526 U.S. at 651. The fact that NW1 continued to attend and succeed in his classes does not bar his claims that the harassment prevented him from utilizing other school resources.

Moreover, Plaintiffs do not claim Defendants violated NW1's constitutional right to participate in extracurricular activities. Instead, they claim Defendants were deliberately indifferent to peer harassment that "effectively denied [NW1] equal access to [his school's] resources and opportunities." *Id.* Additionally, the sole case on which Defendants rely, *Lowery v. Euverard*, is distinguishable. *Lowery* dealt with a school district's limitation on the speech of players on the school football team, and not the question of whether the school's response to peer behavior was clearly unreasonable. *Lowery*, 497 F.3d at 587-88. The school district provided these "resources and

---

[1] Viewed in a light most favorable to Plaintiffs, Linda Waters's testimony regarding the vulgar statement spray-painted on their home reflects the last straw rather than the sole motivating factor for Plaintiffs' decision to change schools.

6

opportunities" to all of its students and cannot now claim they had no duty to protect NW1's access to them.

Plaintiffs also present sufficient evidence that Defendants had actual knowledge that NW1 suffered verbal and physical abuse. Defendants' contention they did not know of all of the alleged incidents, while accurate, does not negate their duty to respond to the reported incidents. *Davis*, 526 U.S. at 643 (concluding deliberate indifference to known acts of peer harassment violates Title IX).

Plaintiffs' claim ultimately fails, however, because Defendants responded to the reported incidents in a manner that was not "clearly unreasonable in light of the known circumstances." *Id.* at 649. Plaintiffs contend Magistrate Judge Knepp erred by failing to "acknowledge that the bullying incidents occurred on a daily basis." (Doc. No. 47 at 6). Defendants' potential liability, however, arises only from their response to "known acts of harassment." *Vance v. Spencer Cnty. Pub. Sch. Dist.*, 231 F.3d 253, 260 (6th Cir. 2000). Plaintiffs do not offer any evidence that Defendants knew of daily incidents of harassment, and I must evaluate Defendants' response based only on the reported incidents. *See id.* at 642 (rejecting liability for what school district "should have known" and requiring "actual knowledge"). As Magistrate Judge Knepp noted, in response to reported incidents of harassment, Defendants "issued detentions, suspensions, communicated with parents, interviewed students, and changed class schedules." (Doc. No. 44 at 33); *see also S.S. v. E. Kentucky Univ.*, 523 F.3d 445 (6th Cir. 2008); *Doe v. Big Walnut Local Sch. Dist. Bd. of Educ.*, 837 F. Supp. 2d 742 (S.D. Ohio 2011).

Plaintiffs contend most of Defendants' responses did not work, as the harassment did not end, and that the school "would have been squarely within its rights" to impose harsher penalties, including expulsion. (Doc. No. 47 at 11-13). It is clear, however, that the deliberate indifference standard "does not mean that recipients can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action." *Davis*, 526 U.S. at 648. Moreover, "[v]ictims do not have a right to particular remedial demands . . .

7

[and] courts should not second guess the disciplinary decisions that school administrators make." *Vance*, 231 F.3d at 260 (*citing Davis*, 526 U.S. at 648); *see also McCoy v. Bd. of Educ., Columbus City Sch.*, 515 F. App'x 387, 392 (6th Cir. 2013) (hindsight "is not the standard by which we impose liability"). Defendants' responses to the reported harassment were not clearly unreasonable and they are entitled to summary judgment on Plaintiffs' Title VI claims.

### B. PROCEDURAL DUE PROCESS

The Fourteenth Amendment protects Plaintiffs' fundamental right to direct the education of their children[2] and mandates that they receive due process before they are deprived of that right. *See Barrett v. Steubenville City Sch.*, 388 F.3d 967, 972 (6th Cir. 2004). Due process guarantees notice and the right to be heard. *See, e.g., Goss v. Lopez*, 419 U.S. 565, 579 (1975). Plaintiffs do not allege they were denied either of these things. Instead they claim Defendants ignored the bullying and harassment directed at NW1 and NW2 and forced them to transfer to a private school. (Doc. No. 39 at 31-32). Plaintiffs fail to state a claim for violation of their procedural due process rights.

Plaintiffs claim *Shively v. Green Local Sch. Dist.*, No. 5:11-cv-2398, 2013 WL 774643 (N.D. Ohio, Feb. 28, 2013), supports their argument that a jury should hear their procedural due process claims. This is wrong for two reasons. First, the fact that a plaintiff may claim that a school's deliberate indifference to bullying violated his procedural due process rights does not excuse the failure of these Plaintiffs to offer any evidence in support of such a claim. Second, it does not appear the plaintiff in *Shively* pled a procedural due process claim, as Judge Pearson conducted only a substantive due process analysis. *See Shively*, 2013 WL 774643, at *4-5. While procedural due process claims are flexible, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), Plaintiffs fail even to articulate the elements of the claim, much less to provide evidence in support. Defendants are entitled to summary judgment on Plaintiffs' procedural due process claim.

---

[2] Though the right of a parent to direct a child's education is fundamental, the right to attend a public school is not. *Seal v. Morgan*, 229 F.3d 567, 575 (6th Cir. 2000) (*citing San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33-37 (1973)).

## C. SUBSTANTIVE DUE PROCESS

In the ordinary course, a governmental body has no obligation to protect its citizens' substantive due process rights from the actions of private actors. *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989). There are two generally-recognized exceptions. The first applies when there is a special relationship between the state and the individual, often through an unwilling restraint of the individual's liberty. *Kallstrom v. Columbus*, 136 F.3d 1055, 1065-66 (6th Cir. 1998) (*citing DeShaney*, 489 U.S. at 199-201); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Plaintiffs do not assert this exception applies here.

The second applies when the state takes an affirmative action "which either create[s] or increase[s]" the risk of harm to its citizens. *Kallstrom*, 136 F.3d at 1066. The action must "place the victim specifically at risk" and "[t]he state must have known or clearly should have known that its actions specifically endangered an individual." *Id.* A failure to act is not an affirmative act. *Jones v. Reynolds*, 438 F.3d 685, 691 (6th Cir. 2006). A plaintiff cannot establish a cognizable affirmative act if the state action or inaction does not increase the victim's risk of harm or render the victim more vulnerable. *Id.* at 692. In short, the state-created danger exception is a "demanding standard for constitutional liability." *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 913 (6th Cir. 1995).

Plaintiffs assert Defendants' response to the reported incidents of harassment permitted the bullying to continue and "sent the loud and unmistakable message" that bullying allegations would not be "treated very seriously." (Doc. No. 47 at 16); (*see also* id. at 16-17 ("Defendants "made conscious choices and took the affirmative steps to disregard plaintiffs' complaints" and increased the risk of harm to NW1 and NW2 by "failing to properly define, investigate, report and discipline repeated instances of bullying.")). This is insufficient to avoid the *DeShaney* bar. Plaintiffs offer no evidence that Defendants' allegedly deficient response increased the risk of harm to NW1 and NW2. The decisive inquiry is whether the victim "was safer *before* the state action than he was *after* it." *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003) (emphasis in original). There is no

evidence Defendants played any role in creating the harassing behaviors or that the harassment would have stopped had Defendants done nothing at all. *Jones*, 438 F.3d at 693-94; *cf. Bukowski v. City of Akron*, 326 F.3d 702, 709 (6th Cir. 2003) (state not liable for "merely returning a person to a situation with a preexisting danger").

Plaintiffs' argument boils down to the contention that Defendants did not do enough to end the harassment. Defendants had no duty to do so under the principles of substantive due process and the actions they took do not constitute affirmative acts for the purposes of the state-created danger exception. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 466 (6th Cir. 2006). Plaintiffs' objection is without merit and Defendants are entitled to summary judgment on Plaintiffs' substantive due process claim.

### D. EQUAL PROTECTION

Plaintiffs assert Defendants violated their equal protection rights because they were deliberately indifferent to the harassment NW1 and NW2 suffered on account of their race or national origin. The standard for establishing deliberate indifference with regard to equal protection claims is "substantially the same" as with regard to Title VI claims. *Williams v. Paint Valley Local Sch. Dist.*, 400 F.3d 360, 369 (6th Cir. 2005); *Williams v. Port Huron Sch. Dist.*, 455 F. App'x 612, 617 n.6 (6th Cir. 2012). As I concluded above, Defendants' response to the reported incidents was not clearly unreasonable and a reasonable jury could not conclude Defendants acted with deliberate indifference. I overrule Plaintiffs' objection and conclude Defendants are entitled to summary judgment on this claim.

### E. *MONELL V. DEP'T OF SOC. SERVS.*

While a plaintiff may bring suit against a local governmental entity for violation of the plaintiff's constitutional rights, the plaintiff may not proceed based on allegations of vicarious liability for the actions of employees or agents, but must show the entity itself engaged in wrongdoing and caused the plaintiff's injuries. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)

(governmental entity liable under 42 U.S.C. § 1983 "when execution of a government policy or custom . . . inflicts the injury").  For the purposes of *Monell* claims, policies result from the deliberate, official decision to follow one course of action rather than various other possibilities. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  Customs are uncodified practices which are "so permanent and well settled" that they operate with the force of law.  *Monell*, 436 U.S. at 691.

Plaintiffs assert Magistrate Judge Knepp erred in dismissing their *Monell* claim because "the school district turned a blind eye to . . . bullying" and a jury should decide if "the school district had an unconstitutional policy under the 'inaction theory.'" (Doc. No. 47 at 18-19).  Plaintiffs fail to identify any evidence from which a jury could conclude the Board of Education had notice of the allegedly unconstitutional behavior of school officials, tacitly approved that behavior, or that "the School Board's custom was the 'moving force' or direct causal link in the constitutional deprivation."  *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996); *Monell*, 436 U.S. at 691; *see also Matsushita*, 475 U.S. at 323 (requiring nonmovant to identify "specific facts showing that there is a genuine issue for trial").  Their claim falls short because they seek to impose liability on the Board of Education for the actions of school employers.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986) (*Monell* prohibits a finding of municipal liability under § 1983 based a vicarious liability theory).  I overrule their objection and conclude Defendants are entitled to summary judgment on this claim.

F. **INDIVIDUAL CAPACITY**

Magistrate Judge Knepp concluded Title VI does not support a claim against school officials in their personal capacities and that Defendants in their personal capacities were entitled to summary judgment on Plaintiffs' due process and equal protection claims for the same reasons as discussed with regard to their official capacity claims.  Plaintiffs do not object to Magistrate Judge Knepp's Title VI recommendation but restate their objections to Magistrate Judge Knepp's analysis of their official capacity arguments.  Plaintiffs fail to identify evidence which would permit a reasonable jury

to conclude Defendants violated their constitutional rights. Defendants are entitled to summary judgment on these claims.

### G. NEGLIGENCE

Magistrate Judge Knepp noted Plaintiffs concede the Board of Education is entitled to statutory immunity on their state law negligence claim and thus summary judgment is appropriate on that portion of Plaintiffs' claim. Magistrate Judge Knepp recommended I conclude Defendants are entitled to summary judgment on Plaintiffs' state law negligence claims because they fail to present evidence to "show Defendants acted with the necessary mental state or outside the scope of their employment . . . ." (Doc. No. 44 at 46). While Plaintiffs object to this recommendation, they do not identify specific pieces of evidence to support their claim or contradict Magistrate Judge Knepp's conclusion. Instead, Plaintiffs offer the general principle that a jury should hear a claim if there is a genuine dispute of material fact and the conclusory argument that "there are too many genuine issues of material fact as to whether [the individual defendants] acted recklessly, wantonly or in bad faith . . . ." (Doc. No. 47 at 21).

Ohio law provides immunity to government employees unless the employee's "acts or omissions were manifestly outside the scope of his employment or official responsibilities" or the employee acted maliciously, wantonly or recklessly, or in bad faith. Ohio Rev. Code § 2744.03(A)(6). The individual Defendants stated they are entitled to summary judgment because Plaintiffs have not offered any evidence that their behavior fits within one of the two statutory exceptions. (Doc. No. 35 at 46). Magistrate Judge Knepp appropriately concluded Defendants are entitled to summary judgment on this portion of Plaintiffs' claim because Plaintiffs failed to satisfy their burden of proof. *See Matsushita*, 475 U.S. at 587.

Plaintiffs claim Defendants are not entitled to summary judgment because they have alleged Defendants are not entitled to immunity, and argue Ohio courts have concluded school administrators were not entitled to immunity under similar circumstances. This argument fails

because Plaintiffs misconstrue the holding of the only case on which they rely, *Mohat v. Horvath*. In *Mohat*, the appellate court concluded the plaintiff's complaint stated a plausible claim for relief and the trial court properly denied the defendant's motion to dismiss on the basis of statutory immunity. *Mohat*, 2013-Ohio-4290, 2013 WL 5450296, at *1 (Ct. App. Sept. 30, 2013). Contrary to Plaintiffs' characterization, the appellate court did not conclude the defendant "did not have immunity." (Doc. No. 47 at 20 (emphasis removed)). Instead, the court noted "a plaintiff is not required to affirmatively demonstrate an exception to immunity at the pleading stage because that would require the plaintiff to overcome a motion for summary judgment in his complaint." *Mohat*, 2013-Ohio-4290, at *5. On a motion for summary judgment, Plaintiffs are not entitled to a presumption that their allegations are true. *Cf. Anderson*, 477 U.S. at 255 ("The **evidence** of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.") (emphasis added). They must produce proof that would permit a reasonably jury to find in their favor, and Plaintiffs fail to offer any proof at all. Their objection is overruled.

In the alternative, Plaintiffs ask that I decline to exercise supplement jurisdiction over their state law claims and dismiss those claims without prejudice. I may decline to exercise supplement jurisdiction if I have dismissed all claims over which a federal court has original jurisdiction. 28 U.S.C. § 1367(c)(3). There is a presumption against retention of state law claims through supplemental jurisdiction in these circumstances. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). Before exercising my discretion to retain and rule on Plaintiffs' negligence claims, I should consider factors including judicial economy, convenience to the parties, fairness, and comity between federal and state courts. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

The equities weigh in favor of retaining supplemental jurisdiction. The alleged conduct underlying Plaintiffs' federal and state law claims is the same. *See McKenzie v. City of Detroit*, 74 F. App'x 553, 556 (6th Cir. 2003). The parties have completed discovery and briefing on Defendants' summary judgment motion as well as briefing on the parties' objections and response to Magistrate

Judge Knepp's Report and Recommendation. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Declining jurisdiction over the negligence claims would require the parties to begin anew, a result that would lead to the waste of resources by both the judiciary and the litigants. *Blakely*, 276 F.3d at 863 ("It would make little sense to require Defendant . . . to expend additional resources making the same arguments in state court."). Further, Plaintiffs have had a substantial and sufficient opportunity to develop evidence in support of their claims and have failed to do so. I adopt Magistrate Judge Knepp's recommendation and grant Defendants' motion to dismiss Plaintiffs' negligence claims.

## CONCLUSION

For the reasons stated above, I deny Plaintiffs' objections, adopt the conclusions of Magistrate Judge Knepp as set forth in the Report and Recommendation, and grant Defendants' motion for summary judgment on all claims.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
